RECEIVED
IN MONROE, LA

AUG 2 2 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| TOMMY LEE GIBBS | CIVIL ACTION NO. 06-1269 |
| VS. | SECTION P |
| ALLEN CUPP, WARDEN | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on or about July 25, 2006 by *pro se* petitioner Tommy Lee Gibbs. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Richland Parish Detention Center, Rayville, Louisiana where he is serving a twenty-five year sentence imposed following his June 29, 2005 conviction on charges of possession of cocaine with intent to distribute in the Fifth Judicial District Court.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that this matter be **DISMISSED WITHOUT PREJUDICE** because petitioner has not exhausted available state court remedies prior to filing his federal *habeas corpus* petition.

### Statement of the Case

On June 29, 2005 petitioner was convicted of possession of cocaine with intent to distribute in the Fifth Judicial District Court. On September 7, 2005 petitioner was sentenced to

1

serve twenty-five years at hard labor. [doc. 1-3, p. 10] Petitioner appealed his conviction to the Second Circuit Court of Appeals raising a single assignment of error – "The trial court erred in allowing into evidence ... the testimony of undercover officers concerning 'other crimes,' specifically the defendant's purported sale of marijuana in 1994." [doc. 1-3, p. 13]

On June 28, 2006 petitioner's conviction was affirmed by the Second Circuit Court of Appeals. *State of Louisiana v. Tommy Lee Gibbs*, 41,062 (La. App. 2 Cir. 6/28/2006), 2006 WL 1751794, — So.2d —. [See slip opinion, doc. 1-3, pp. 20-29]

On July 4, 2006 petitioner's court-appointed appellate counsel provided a copy of the Second Circuit's opinion affirming his conviction. Counsel also advised petitioner, "It is our duty to advise you that you can file an application for writs to the Louisiana Supreme Court. We will not do so. Indeed, this action by the appellate court ends our work on your behalf. It is our considered professional opinion that such an application would not be granted, based on the consideration of the Supreme Court rules. If you choose to file such an application, you will have to file it within thirty (30) days of the date of the decision. (The date of the decision is June 28, 2006.)" [doc. 1-3, pp. 5-6]

Petitioner apparently did not seek further review in the Louisiana Supreme Court. [see doc. 1-1, paragraph 9(e)] Nor did he file an application for post-conviction relief. [doc. 1-1, paragraph 10]

Instead, on July 24, 2006 petitioner signed [doc. 1-1, page 6] and mailed [doc. 1-1, page 10] the instant petition for writ of *habeas corpus* raising the following claims: (1) Conviction obtained by the use of coerced confessions [doc. 1-1, paragraph 12(a)]; (2) Conviction obtained by a violation of the privilege against self incrimination [doc. 1-1, paragraph 12(b)]; (3)

2

Conviction obtained by a violation of the protection against double jeopardy [doc. 1-1, paragraph 12(c)]; and, (4) Denial of effective assistance of counsel [doc. 1-1, paragraph 12(d)]

## Law and Analysis

28 U.S.C. § 2254 states, as relevant to this proceeding:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) <u>the applicant has exhausted the remedies available in the courts of the State;</u> or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>     \*    \*    \*
>
> (c) <u>An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.</u>
> 28 U.S.C. § 2254.

The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).

In Louisiana, the highest state court is the Louisiana Supreme Court.

Petitioner has not presented <u>any</u> of his federal *habeas* claims to the Supreme Court of Louisiana. (In fact, petitioner has not presented any of his federal *habeas* claims to any Louisiana court.) Therefore, it is clear that the Louisiana Supreme Court has not yet had an opportunity to review and determine the merits of petitioner's *habeas corpus* claims.

Absent a showing that state remedies are either unavailable or inadequate (such showing not having been demonstrated by plaintiff), he cannot now proceed in this court in *habeas corpus*. See 28 U.S.C. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir.1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir.1972). Accordingly, dismissal of this federal *habeas corpus* proceeding for lack of exhaustion is warranted.

Petitioner is hereby advised that the federal *habeas corpus* statutes impose a one-year

4

statute of limitations for filing *habeas corpus* petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to any subsequent petition that petitioner files in this court. Petitioner is further advised that the filing of a federal *habeas corpus* petition, such as the one filed in this case, does not toll the statute of limitations for federal *habeas* relief. *Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Moreover, since the present petition raises only unexhausted claims, the court need not address the stay and abeyance of mixed *habeas* petitions addressed by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 276, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (holding that district courts have the discretion to stay rather than dismiss, a mixed *habeas* petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner's *habeas* claims remain unexhausted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 22 day of August, 2006.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE